IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-07-CR-0190-K(3) |
| | § | NO. 3-09-CV-1006-K |
| HEBERTO BOCANEGRA | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

_____Defendant Heberto Bocanegra, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated herein, the motion is denied.

I.

On May 11, 2007, defendant was charged by complaint with kidnaping.  He was subsequently charged in a six-count indictment with conspiracy to commit kidnaping, kidnaping, conspiracy to possess methamphetamine and cocaine with the intent to distribute, use of interstate communication facilities to demand ransom, and two counts of using, carrying and brandishing a firearm during or in relation to a crime of violence and drug trafficking crime.  Defendant pled guilty to conspiracy to commit kidnaping (count one), kidnaping (count two), use of interstate communication facilities to demand ransom (count four), and using, carrying and brandishing a firearm during or in relation to a crime of violence (count five), all pursuant to a written plea agreement

and factual resume.  That plea agreement contained a waiver of many of defendant's rights to bring a direct appeal or challenge his conviction and sentence in a collateral proceeding.  On November 7, 2007, the court sentenced defendant to a term of imprisonment of 180 months on counts one, two, and four, to run consecutive to 120 months for count five, resulting in a total term of imprisonment of 300 months. Defendant's direct appeal was dismissed pursuant to his waiver of appeal.  *See United States v. Bocanegra*, No. 07-11259 (5th Cir. Jun. 5, 2008).  Defendant then filed this timely motion under 28 U.S.C. § 2255.

## II.

In three related grounds for relief, defendant contends that he received ineffective assistance of counsel.  Defendant claims that his counsel improperly compelled him to sign a plea agreement and enter a guilty plea based on the promise that count five of the indictment, of which defendant was legally and factually innocent, would be dismissed, and advised him to waive his appellate rights despite the "strong likelihood" that the court would err in applying the United States Sentencing Guidelines.

### A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).  In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must satisfy the familiar two-prong

test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service.  *Id.* at 687.  Second, the defendant must prove that he was prejudiced by his attorney's substandard performance.  *Id*. at 691-92.  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).  There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989).  With respect to guilty pleas, the prejudice requirement "'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'"  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Thus, a defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

## B.

Defendant's claims are largely premised on the allegation that his attorney coerced him into signing a plea agreement and entering a guilty plea against his will; that is, that his plea was unknowing and involuntary.  A trial judge is required to ensure that a guilty

plea is knowing and voluntary.  *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  The defendant must "'[have] a full understanding of what the plea connotes and of its consequence.'"  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (*quoting Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).  The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea.  *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).  Compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *Id.* at 627.

The record establishes that the defendant consented to proceed before a magistrate judge, and that judge properly admonished defendant in full accordance with Rule 11.  The magistrate judge found that defendant made a knowing and voluntary guilty plea supported by an independent basis in fact and containing each of the essential elements of the counts of conviction, and recommended that the court accept defendant's guilty plea.  (*See* Rearr. Tr. at 37-38).  The court subsequently accepted that plea and found defendant guilty.  (*See* Order, 8/2/2007).

During his re-arraignment, defendant was assisted by an interpreter, who translated the proceedings into Spanish.  (*See* Rearr. Tr. at 2-3).  Before receiving his guilty plea, the magistrate judge had the prosecutor summarize the essential elements

of the offenses and informed defendant of the ranges of punishment he faced upon conviction. (*Id.* at 18-23, 29-32). Specifically, defendant was told that the maximum penalty he faced was up to life imprisonment on each count of conviction, and the term of imprisonment for count five would be not less than ten years nor more than life imprisonment, consecutive to any other count of conviction. (*Id.* at 29-31). Defendant testified that he understood the range of punishment. (*Id.* at 31-32). With respect to his sentence, the magistrate cautioned defendant that he would be bound by his guilty plea even if his sentence of imprisonment exceeded the amount he was expecting to receive. (*Id.* at 14-15, 32). Defendant stated that he understood that instruction. (*Id.* at 15).

Later in the hearing, the judge inquired whether anyone had tried to force, threaten, or coerce the defendant to enter a guilty plea against defendant's will, or made any type of promise in an effort to obtain his plea. (*Id.* at 26-27). Defendant responded, "No." (*Id.*) Defendant stated that the plea agreement and factual resume had been read to him in Spanish, and he signed them voluntarily and of his own free will. (*Id.* at 26, 35-37). He indicated that the facts set forth in the factual resume were true. (*Id.* at 36-37). The factual resume contained the essential elements of each offense of conviction. (Factual Resume at 1-2). Defendant further acknowledged the appellate waiver and assured the judge that it was entered into knowingly and voluntarily. (Rearr. Tr. at 33-34). This sworn testimony carries a strong presumption of veracity in a

subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

1.

Contrary to the clear language of the plea agreement and his testimony at re-arraignment, defendant now claims that his plea was unknowing and involuntary because he was assured by counsel that count five would be dismissed. Despite the formidable barrier posed by a defendant's sworn testimony, the Fifth Circuit has held that a defendant may seek habeas relief on the basis of alleged promises by counsel though inconsistent with representations he made in open court. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). In order to overcome his testimony during re-arraignment, defendant must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Id.* (*citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)). However, if the defendant's showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary and the habeas claim must be rejected. *Id.* at 1110-11.

Here, defendant has not provided any evidence that any improper representations were made by counsel, nor indicated when or where they were made. He does not identify any eyewitnesses to the alleged statements. Defendant's sworn testimony and the plain terms of the plea agreement and factual resume clearly refute the allegations

that counsel had promised that count five would be dismissed.  The plea agreement, factual resume, and defendant's statements during his Rule 11 hearing were clear and unambiguous: defendant freely and voluntarily pled guilty to count five.  Defendant's colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement.  A habeas petitioner's self-serving assertion, after the fact, that he was persuaded or coerced into entering a guilty plea by counsel is in and of itself insufficient to establish that his plea agreement was involuntary.  *See Wisener v. Thaler*, No. 4-09-CV-359-Y, 2010 WL 546738 at *5 (N.D. Tex. Feb. 17, 2010) (citing cases).  Accordingly, defendant is not entitled to an evidentiary hearing, and his claim that his guilty plea to count five was involuntary is overruled.

2.

Defendant further claims that his counsel was ineffective for encouraging him to enter a guilty plea to count five despite his legal and factual innocence.  He urges that he did not use, carry, or brandish a firearm during the kidnaping, and that his counsel was ineffective for advising him to plead guilty to that charge.  Again, defendant's unambiguous testimony and the plain language of his plea agreement and factual resume contradict his claim and establish his guilt of count five.  The magistrate court admonished defendant "[a] plea of guilty must be purely voluntary, and you should plead guilty only because you are guilty, and for no other reason." (*See* Rearr. Tr. at 13). Defendant indicated that he understood the magistrate's statement, acknowledged the

7

facts set forth in the factual resume, and admitted that he had committed the essential elements of count five.  (*Id.* at 13-14, 22-23).   The factual resume included the statement that "he and his co-defendants were armed with handguns" during the kidnaping, the kidnaping victim "was taken [by defendant] at gunpoint from the front yard . . . and forced into a vehicle[,]" and that the defendant and his co-conspirators held the victim in the trailer at gunpoint.  (Factual Resume at 3-5).  The factual resume also contained the essential elements of each offense of conviction, including that "the defendant knowingly used, carried, or brandished a firearm during and in relation to the defendant's commission" of the kidnaping.  (*Id.* at 2).   To the extent that defendant argues that all references to "Bocanegra" in the factual resume actually refer to conduct of his co-conspirator, Salomon Bocanegra, such absurd claim is refuted by the factual resume itself.  That document, which was translated into Spanish for defendant, clearly and consistently refers to the defendant as "defendant" and "Bocanegra" and his uncle as "Salomon Bocanegra." (*See* Factual Resume at 2-4).  Defendant has not established that his guilty plea to count five was not knowing, intelligent, and voluntary.

A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea, including challenges to the sufficiency of the evidence and claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).   Thus, to the extent defendant complains that he is

innocent of the charged offense of use, carrying, and brandishing a firearm during the kidnaping, that there was insufficient evidence to support his conviction, and that his counsel failed to properly counsel him on his guilty plea, these matters are unrelated to the voluntariness of his plea and are not cognizable in a collateral proceeding.  *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (*quoting Herrera v. Collins,* 506 U.S. 390, 400 (1993)).

In any case, defendant's allegations of innocence since his uncle, rather than defendant himself, handled the gun, are inapposite.  One may be convicted of an offense under 18 U.S.C. § 924(c) if a co-conspirator uses a firearm in furtherance of the conspiracy.  *See United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997) (*citing Pinkerton v. United States,* 328 U.S. 640, 647-48 (1946)).  Here, defendant admitted that he and his co-conspirators used, carried, and brandished a firearm in relation to the kidnaping.  (*See* Factual Resume at 2-4).  Even if defendant himself did not physically possess the firearm, his admissions are sufficient to support conviction under 18 U.S.C. § 924(c).  *Wilson*, 105 F.3d at 221.  Accordingly, defense counsel was not ineffective for encouraging him to enter a guilty plea to that offense.

3.

Finally, defendant claims that his counsel was ineffective for permitting him to waive the right to appeal his sentence, since "there was a strong likelihood that petitioner's sentence would be based on an erroneous application of the Guidelines."

Defendant complains that the court failed to give sufficient weight to mitigating circumstances in determining a within-Guidelines sentence, and his ill-advised waiver barred him from challenging his sentence.   Constitutionally effective counsel does not hinge upon whether counsel's strategic choices – such as recommending an appellate waiver – were poor.   *See Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999).   To establish constitutional error during the plea process, a defendant must show that, absent his counsel's deficiencies, he would have proceeded to trial.   *See Glinsey*, 209 F.3d at 392 (*citing Hill*, 474 U.S. at 59).   The record affirmatively shows that defendant's counsel was not deficient or there is no evidence that defendant was prejudiced within the meaning of *Strickland*.   Defendant's decision to plead guilty and waive appeal were his own and entirely voluntary.   (*See* Rearr. Tr. at 33-34).   Defendant was clearly aware that the court would determine the sentence after reviewing the applicable Guidelines.   (*Id*. at 14-15).   Defendant does not allege that he would have proceeded to trial had his lawyer counseled him to reject an appellate waiver.   Instead, he urges that his sentence would have been reduced because he would have successfully challenged the court's application of the Sentencing Guidelines on direct appeal.   This claim is insufficient to establish entitlement to habeas relief.   Accordingly, defendant's allegation of ineffective assistance with regard to his appellate waiver is overruled.

III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

## IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

11

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

In the event the petitioner will file a notice of appeal, the court notes that the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 26th day of May, 2010.


*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE